UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK


Abdi Hussein Ahmed

     Petitioner,


v.                       Case No. 1:S1 19-CR-00338-GHW


United States of America

     Respondent.


MOTION FOR SENTENCE REDUCTION UNDER

18 U.S.C. §3582(c)(2), AMENDMENT 821, PART B


    NOW COMES Abdi Hussein Aymed, pro se without aid of counsel in the above styled case before this Honorable Court to recieve a sentence reduction reduction under 18 U.S.C. §3582(c)(2), under Amendment 821, Part B.   Zero-Point Offenders.


STATEMENT OF FACTS


    On May 11, 2023, Abdi Hussein Ahmed was sentenced to a 48 month sentence for the following charges:  18 U.S.C. §371 Conspiracy to Commit wildlife trafficking; 21 U.S.C. §841(a)(1); §841(b)(1)(A); §846 Participating in a conspiracy to distribute and possess with intent to distribute one kilogram and more of mixtures and substances containing a detachtable amount of heroin.

ARGUMENT


The modification procedure set out in 18 U.S.C. §3582(c)(2) is carefully constrained. It applies only in the case of a Defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commision. To determine whether an Appellant satifies that based line eligibility criteria, Courts must act consistently with applicable policy statements issued by the Sentencing Commission. Courts must begin the process by following the Commission's instructions in United States Sentencing Guidelines Manual §1B1.10 to determine the prisoner's eligibility for a sentence modification.

Under 18 U.S.C. §3582(c)(2) proceedings do not constitute a full resentencing of the Defendant. United States Sentencing Guidelines Manual §1B1.10(a)(3). Instead, a District Court must begin by determining the amended guideline range that would have been applicable to the Defendant if the amendment(s) to the guidelines listed in §3582(c)(2) had been in effect at the time the Defendant was sentenced. §1B1.10(b)(1). In making such determination, the Court shall substitute only the retroactivity applicable amendments for the corresponding guideline provisions that were applied when the Defendant was sentenced and shall leave all other guideline application decisions unaffected.

18 U.S.C. §3582(c)(2) prescribes a two step process. First, a District Court must determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized. If a reduction is authorized, the Court may consider any applicable §3553(a) factors and determine whether, in its discretion, the

reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under particular circumstances of the case.

By its terms, 18 U.S.C. §3582(c)(2) does not authorize a sentencing or resentencing proceeding. District Courts do not impose a new sentence in the usual sense, but merely reduce an otherwise final sentence in certain limited circumstances. District Courts cannot recalculate aspects of a sentence that are unaffected by a retroactively applicable amendment to the United States Sentencing Guidelines. A District Court's authority under §3582(c)(2) is a subject to signicant constraints. Under United States Sentencing Guidelines Manual §1B1.10(b)(1), all guidelines decisions from the original sentencing remain in place, save the sentencing range that was altered by retroactive amendment.

The United States Supreme Court has said a defendant may seek 18 U.S.C. §3582(c)(2) relief on the grounds that he entered into a Plea Agreement under Fed. R. Crim. P. 11(c)(1)(C). But it also recognizes that §3582(c)(2) authorizes a sentence reduction based on a sentencing range that was subsequently been lowered by the Sentencing Commission.

Under Fed. R. Crim. P. 11(c)(1)(C) plea agreements are based on a guidelines range and therefore eligible for 18 U.S.C. §3582 (c)(2) relief if the guidelines range was part of the framwork the District Court relied on in imposing the sentence or accepting the agreement. Because the Sentencing Guidelines prohibit District Courts from accepting Rule 11(c)(1)(C) agreements without first evaluating the Defendant's Guidelines Range, in the usual case, the sentence to be imposed pursuant to a rule 11(c)(1)(C) agreement

is based on the Defendant's Guidelines Range.  But if the record clearly indicates that an amended Guidelines Range was not a relevant part of the analytic framework the Judge used to determine the sentence or to approve the agreement, the Defendant's sentence was not based on that sentencing range, and relief under §3582(c)(2) is unavailable.

Although the United States Supreme Court has recognized that Fed. R. Crim. P. 11(c)(1)(C) plea agreements are often based on the Defendant's Guidelines Range for the purposes of a 18 U.S.C. §3582 (c)(2) motion, the Court has also acknowledged that statutory requirement that, to qualify for a sentence reduction, the defendant's sentence also must be based on a sentencing range that has lowered by the Sentencing Commission.

## AMENDMENT 821

Under Part B of Amendment 821, Zero Point Offenders it sets out a set guidelines in determing who is eligible and who is not United States Sentencing Guidelines Manual §4C1.1, Adjustment for certain Zero Point Offenders:

(a) Adjustment-If the Defendant meets all the following criteria:

    (1) The Defendant did recieve any criminal history points from Chapter 4, Part A.

    (2) The Defendant did not recieve an adjustment under §3A1.4. (Terrorism)

    (3) The Defendant did use violence or credible threats of violence in connection with the offense.

    (4) The offense did not result in death or serious bodily injury.

    (5) The instant offense of conviction is not a sex offense.

-4-

(6) The Defendant did not personally cause substantial financial hardship.

(7) The Defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon or induce another participant to do so in connection with the offense.

(8) The instant offense of conviction is not covered by §2H1.1 offense involving individual rights.

(9) The Defendant did not receive an adjustment under §3A1.1 hate crime motivation or vulnerable victim or §3A1.5 serious human rights offense, and

(10) The Defendant did not receive an adjustment under §3B1.1 aggravating role and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. §848.

Decrease the offense level determined under chapters two and three 2-levels.

In 2010, the Commission expanded zones B and C of the Sentencing table to provide a greater range of sentencing options to Courts with respect to certain offenders. (See: USSG App. C, Amendment 738).

And in 2023, the Commission added a new chapter four guideline, at §4C1.1, adjustment for certain zero-point offenders, providing a decrease of 2 levels from the offense level determined under chapter two and three for "Zero-Point" offenders who meet certain criteria.

The Amendment 821, Part B, applies to offenders with no criminal history points, including. First, offenders with no prior convictions. Second, offenders who have prior convictions that are not counted because those convictions were not within the time limits set forth in section (d) and (e) of §4A1.2 Definitions and instructions for computing criminal history, and Three, offenders who have prior convictions that are not used in computing the criminal history category for reasons other than

their staleness e.g., sentences resulting from foreign or tribal Courts convictions, minor misdemeaner convictions, or infractions. In adopting this definition of "Zero-Point" offenders, the Commission opted to hew to the long standing and carefully crafted criminal history rules set forth in chapter four, regarding which prior convictions count for criminal history purposes and which do not. The Commission also observed that attempts to exclude offenders with certain prior convictions could lead to increased complexity and litigation and reqire the additional practical step of investigating prior unscorable offenses for which records may not be readily available.

The changes to the commentary to §5C1.1 respond to Congress's directive to the Commission at 28 U.S.C. §994(j), directing the Commission to ensure that the guidelines reflect the general appropratness of imposing a sentence for a first time offender who has not been convicted of a crime of violence or an otherwise serious offense.

CERTIFICATE OF SERVICE

I, Abdi Hussein Ahmed, pro se, hereby certify that under penalty od perjury, pursuant to 28 U.S.C. §1746 that all the information is true and correct to the best of my knowledge.  That said this Motion for Sentence Reduction under 18 U.S.C. §3582(c)(2), Amendment 821, Part B, was placed in the Mailing System at FCI Petersburg-Low, Federal Correctional Institution on the listed date by way of First Class Mail, United States Postal Service.

Respectfully Submitted on this 25TH day of June 2024.

/s/

Abdi Hussein Ahmed
Reg. No. 84045-053
FCI Petersburg-Low
Federal Correctional Institution
P.O. Box 1000
Petersburg, Virginia 23804

Petitioner, pro se.

Abdi Hussein Ahmed
Reg. No. 84045-053
FCI Petersburg-Low
Federal Correctional Institution
P.O. Box 1000
Petersburg, Virginia 23804

Clerk of the Court
United States Courthouse
500 Pearl Street
New York, New York 10007-1312





RECEIV

CLERK'S OFFI
S.D.N.Y.

JUL 01 2024