# WL| Wright Law
### ATTORNEY AT LAW

---

**299 BROADWAY, SUITE 708**
**NEW YORK, NY 10007**
**OFFICE (212) 822-1419 • FACSIMILE (212) 822-1463**
**wrightlawnyc@gmail.com**
**www.wrightlaw.nyc**

August 29, 2024

**VIA ECF**
The Honorable Gregory H. Woods
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

Re:    *United States* v. *Abdi Hussein Ahmed 19-CR-338 (GHW)*

Dear Judge Woods:

I represent the above defendant, Abdi Hussein Ahmed, and respectfully submit this letter in support of Mr. Ahmed's motion for a sentence reduction for the retroactive application of United States Sentencing Guidelines ("Guidelines") Amendment 821 (U.S.S.G. § 4C1.1), which took effect on November 1, 2023.  *See* ECF No. 252 (Defendant's Motion).

The Guidelines Amendment 821 provided an additional 2-level decrease for first time, nonviolent offenders like Mr. Ahmed who satisfy ten criteria. *See* U.S.S.G. § 4C1.1.  The new criteria for Section 4C1.1 will apply to defendants: (1) with no criminal history points, (2) who did not receive a terrorism enhancement, (3) who did not use violence or threats of violence, (4) who did not cause death or serious injury, (5) who did not commit a sex offense, (6) who did not cause any victim substantial financial hardship, (7) who did not possess or use a firearm or deadly weapon, (8) who did not violate a victim's civil rights, (9) who did not commit a hate crime, and (10) who did not receive a role adjustment.  Id.  In light of this new amendment, Mr. Ahmed's amended Guidelines range is now lower than the range applied at his original sentence on May 11, 2023.

The government agrees that Mr. Ahmed qualifies for the 2-level decrease under Section 4C1.1 and that this offense level decrease should be applied retroactively to his original Guidelines range.  *See* ECF No. 258 (Motion by USA).  The U.S. Probation Office is also in accord that Mr. Ahmed should benefit retroactively from Section 4C1.1 and therefore the Court *may* reduce his sentence. *See* ECF No. 247 (Revised Final PSR) at Pg. 4.

The original Guidelines range of 57 to 71 months' imprisonment reflected an offense level of 25 under criminal history category I.  Id.  On May 11, 2023, the Court imposed a prison

sentence of 48 months jail. *See* ECF No. 239 (Judgment in Criminal Case). Applying Section 4C1.1 retroactively, Mr. Ahmed's offense level is reduced to level 23 and under criminal history category I results in a new Guidelines range of 46 to 57 months' imprisonment. *See* ECF No. 247 at Pg. 4.

Guidelines Section 1B1.10(b)(2) limits the degree of relief afforded to Mr. Ahmed to a discretionary two month reduction of his original 48-month sentence to 46 months. That provision provides that "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2); *see also Dillon v. United States*, 130 S.Ct. 2683 (2010); *United States v. Jackson*, 751 F.3d 707 (6th Cir. 2014). The Court is "constrained by the Commission's statements dictating by what amount the sentence of a prisoner serving a term of imprisonment affected by the amendment may be reduced." *Dillon*, 130 S.Ct. at 2691 (Sotomayor, J.). Accordingly, it appears the bottom sentence that can imposed is 46 months which is the minimum sentence under Mr. Ahmed's new Guidelines range.

Mr. Ahmed respectfully requests the Court to afford him the benefit of Section 4C1.1 and modify his sentence consistent with the sentencing factors in 18 U.S.C. § 3553(a). I ask the Court to consider again the compelling mitigation advanced in Mr. Ahmed's original sentencing memo. *See* ECF No. 234 (Defendant's Sentencing Submission). Significantly at this juncture, during his period of incarceration Mr. Ahmed has not received any disciplinary sanctions and he has availed himself of various BOP educational and work programs. *See* ECF No. 247 at Pg. 4. Additionally, Mr. Ahmed has an ICE detainer hold and faces all but certain deportation back to his native country of Kenya. Id.

The defense joins with the Government and Probation in our collective request that the Court resentence Mr. Ahmed to a sentence within the new Guidelines range of 46 to 57 months. More exactly, Mr. Ahmed requests a sentence of at most 46 months or any other sentence that the Court deems to be just and proper.

Sincerely,
/s/
Christopher Wright